[No. 4362.  Decided December 16, 1902.]

WILLIAM ROBERTS, *Appellant*, v. WHITE RIVER WATER
POWER COMPANY *et al., Respondents*.

SALE OF LAND FOR RIGHT OF WAY — CONSTRUCTION OF CONTRACT —
SPECIFIC PERFORMANCE.

An agreement by plaintiff in consideration of the sum of $200,
the receipt of $160 of which is acknowledged, to convey defendant
a right of way across his lands according to a certain line of sur-
vey; that defendant should have the right to enter upon the lands
for the purpose of constructing a ditch along the proposed right
of way, across which defendant agreed to construct a bridge at a
point to be designated by plaintiff; and that, in consideration of
the premises, the plaintiff agreed to execute a good and sufficient
conveyance, on or before one year from date, upon the payment
of the balance of $40 in cash, is not an option, but a mutual con-
tract of sale of land, enforceable by defendant after the lapse of
the year, inasmuch as time is not made of the essence of the con-
tract, and for the reason that delay in payment of an inconse-
quential portion of the purchase price would not be sufficient of
itself to justify forfeiture.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge.    Affirmed.

*A. R. Titlow,* for appellant.

*J. M. Ashton* and *W. L. Sachse,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff (appellant) commenced this
action to enjoin defendants from entering upon certain
real estate owned by plaintiff, and digging up the soil and
destroying growing timber and improvements thereon. He
stated that defendants' intention was to conduct a ditch or
conduit for water over the premises.  Plaintiff claimed
damages for the injuries done, and prayed that defendants
be enjoined from entering upon or further trespassing on

the premises. It was alleged the defendants' entry was without right and wrongful. Defendants answered denying any damages to plaintiff, and setting forth affirmatively as a defense a claim in themselves to a right of way 100 feet in width through said premises for the construction of a ditch or conduit and other purposes, based upon a written agreement set forth in the answer. The case was tried without the intervention of a jury, and findings of fact and conclusions of law made by the court. The facts found were, in substance, that a written instrument was executed and signed by plaintiff on the 8th of May, 1900, containing the following stipulations, which are material here:

"This Indenture, made and entered into this eighth day of May, 1900, by and between William Roberts, a bachelor, party of the first part, and the White River Water Power Company, a corporation, party of the second part:

"Witnesseth: That the said party of the first part, for and in consideration of the sum of two hundred dollars, one hundred and sixty dollars of which has been paid to him, the receipt of which is hereby acknowledged, the balance of forty dollars to be paid to him as hereinafter set forth, does hereby undertake, promise, and agree that he will hereafter, on the demand of the party of the second part, its successors or assigns, convey, by good and sufficient deed, to the said party of the second part, its successors or assigns, a right of way for a canal, ditch, conduit, pipe, or electrical pole line, also the water, and right to use the same, which flows and may flow in that certain swamp, being hereafter referred to and more definitely located, said right of way to be one hundred (100) feet wide, over and across certain real estate hereinafter more particularly described."

Then follows a description of a right of way made by a surveyor named Hawkes, and mentioned as the "Hawkes

Survey." It was also agreed that the second party in the agreement should have the right in the meantime to enter upon the premises to construct its ditch or conduit across the same; and further stipulated that, within a reasonable time after the construction of the ditch, the second party should construct a bridge across the ditch at a point to be designated by the first party. Then follows a re-statement of the agreement to convey and the consideration in this form:

"The party of the first part, in consideration of the premises, agrees that he will, on or before one year from the date hereof, convey to the party of the second part, its successors and assigns, a right of way of the character and description hereinbefore set forth, across the lands hereinbefore described, according to the survey made by the said A. McLean Hawkes, hereinbefore referred to, or according to a survey to be made by the party of the second part prior to the expiration of said year, as the said party of the second part may require and elect, upon the payment to him, the said party of the first part, of the sum of forty dollars in cash, the balance of the payment hereinbefore referred to, and upon the payment of the said sum the said party of the first part agrees to deliver to the said party of the second part, its successors and assigns, a good and sufficient deed conveying the said right of way according to the terms, conditions and provisions hereof."

At the trial the defendants tendered the $40, the balance of the purchase price under the agreement, and prayed that a specific performance thereof be decreed in their favor, and that plaintiff convey the right of way to defendants. The court found that the defendants, in August or September, 1901, entered upon the premises, and slashed timber and threatened to injure materially plaintiff's improvements, and that such entry was not confined to the "Hawkes line of survey," but a portion of such slashing, made under said entry, and the improvements

threatened, were outside the Hawkes survey.    For this entry upon the premises outside said survey, the court awarded plaintiff damages, and enjoined defendants from going outside the line of the Hawkes survey, referred to in the written agreement.    The court further found, upon the allegations of the answer, that the agreement between plaintiff and defendants was a binding contract for the conveyance of the right of way to defendants on the line of the Hawkes survey described in said agreement, and decreed that, upon payment of the damages awarded plaintiff for injuries to the premises outside the line of the Hawkes survey, and upon the payment of the $40, remainder due to plaintiff on the purchase price, he should convey the described right of way to the defendants.

The only material controversy arising upon the record is over the proper construction of the written agreement set out in the answer.    Counsel for plaintiff maintains that, as defendants did nothing towards performance for over a year after its execution, they could not afterwards, when this suit was instituted and in this action, enforce the specific performance on the part of the plaintiff of the contract to execute and deliver the deed to the right of way. It is argued that the agreement is an option or unilateral contract, and that no mutuality of obligation is expressed or inferred from its terms.    The construction of this agreement must be gathered by taking together the surrounding facts and recitations of the consideration.    The first recitation is that, in consideration of $200, the first party promised to execute the deed, on demand of the second party and the payment of the $40 still due, that is, on complete payment of the purchase price.    Then follows the description of the right of way according to the Hawkes survey, or any modification thereof agreed to by both parties, and the stipulation that a bridge should be constructed

28-30 WASH.

in a reasonable time after the completion of the ditch. Then is the repetition and promise, "in consideration of the premises," etc. This apparently means the promise of the second party to follow the Hawkes line of survey unless modified by agreement, and to erect the bridge when the ditch is completed, and that, upon such promises and the payment of the deferred portion of the purchase price,— $40,—the first party will execute and deliver the deed. The language used does not so clearly express the meaning, perhaps, as it might have done; but, viewed in the light of the surrounding circumstances and from the standpoint of each party, it may reasonably be gathered in sense that the first party was to execute the deed at any time after the written agreement was executed, upon demand of the second party and tender payment of the $40; and the last clause, reciting the terms and consideration, declares the first party will convey on or before one year upon receipt of the $40. It seems apparent that here is a mutual agreement by one party to sell and the other to purchase the right of way. The second party paid, upon the execution and delivery of the written agreement, the substantial portion of the purchase price. It may be conceded, as contended by counsel for appellant, that it was contemplated by both parties that the deed should be executed within the year, but time cannot be said to be of the essence of the contract. If plaintiff desired to have the contract annulled, he could, at the expiration of the year, have tendered his deed and demanded the payment of the $40, or he could have claimed rescission thereof upon any further default of defendants. But it does not appear from the record before us that plaintiff has been in any manner injured by the delay of defendants. The delay in the payment of an inconsequential portion of the purchase price is not sufficient to inflict the penalty of for-

feiture upon the defendants, where, as observed, time is not of the essence of the contract. The whole consideration which the plaintiff was to receive for the right of way was $200. The stipulation that, subsequent to the construction of the ditch, the bridge should be constructed at a place designated by plaintiff, is a covenant which defendants must perform subsequently to their use of the right of way. The fact that defendants trespassed upon other portions of plaintiff's premises wrongfully does not become material here in the determination of the rights of the respective parties under their contract; but this was appropriately settled by the award of damages to plaintiff in this action.

Under well recognized equitable principles, no valid reasons are perceived for disturbing the conclusions and the decree of the superior court. Affirmed.

DUNBAR, MOUNT and ANDERS, JJ., concur.